UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLYDE FRICKE** | **CIVIL ACTION** |
| **VERSUS** | **NO:      07-02810** |
| **MCKINNEY INLAND, LLC and**<br>**MCKINNEY TOWING, INC.** | **SECTION: "T" (4)** |

## ORDER

Before the Court is a **Motion to Quash and/or for Protective Order (R. Doc. 11)** and ***Ex Parte* Motion for Expedited Hearing on Motion to Quash and/or for Protective Order and Incorporated Memorandum in Support (R. Doc. 12)**, filed by the Defendants, seeking an order from the Court quashing or issuing a protective order regarding the subpoena duces tecum issued by the Plaintiff. The Plaintiff's subpoena requests that the vessel owner of the M/V A.A. McKINNEY allow the Plaintiff to inspect, photograph, videotape, and measure the vessel. In opposition, the Plaintiff filed a **Memorandum in Opposition to Motion to Quash and/or for Protective Order (R. Doc. 13)**. The Court heard this matter on a expedited basis.

### I.      Background

This matter arises from an accident that allegedly occurred on the vessel M/V GLENN W. McKINNEY, a vessel owned and operated by the Defendant, McKinney Inland, LLC. (R. Doc. 1.) The Defendants employed the Plaintiff as a captain aboard the vessel. (R. Doc. 5.) On or about December 11, 2006, the Plaintiff contends that he fell down the vessel's serial wheelhouse stairs

while attempting to assist another crew member who had fallen down the same stairs. (R. Doc. 1.) He sustained injuries to his neck and back from his fall. (R. Doc. 1.) The Defendants maintain that in the course of discovery, they provided the Plaintiff numerous photographs taken of the wheelhouse and the spiral staircase in the M/V GLENN W. McKINNEY.

In February of 2007, the Defendants sold the M/V GLENN W. McKINNEY and the M/V A.A. McKINNEY, another vessel, to American Commercial Lines, Inc. ("American Commercial Lines"). (R. Doc. 11-2, p. 1.) When the Plaintiff went to conduct an expert inspection the M/V GLENN W. McKINNEY on November 2, 2007, he discovered that American Commercial Lines had stripped and sandblasted the vessel. (R. Doc. 13-3, Ex. 2.) American Commercial Lines similarly intends to refurbish, strip, or scrap the M/V A.A. McKINNEY for its metal. (R. Doc. 13-3, Ex. 2.)

Based on the Plaintiff's recollections from 1986 or 1987, the Plaintiff maintains that the spiral wheelhouse stairs in the M/V A.A. McKINNEY are the same or similar to the design of the spiral wheelhouse stairs in the M/V GLENN W. McKINNEY. (R. Doc. 13-2, Ex. 1.) He further asserts that it was common knowledge among vessel captains working for the Defendants that the M/V A.A. McKINNEY and the M/V GLENN W. McKINNEY were sister vessels. (R. Doc. 13-2, Ex. 1.)

On November 2, 2007, Sam Lewis ("Lewis"), an employee for American Commercial Lines informed the Plaintiff's expert, Robert F. Borison ("Borison") that the spiral wheelhouse staircase in the M/V A.A. McKINNEY was the same or similar to the design of the staircase in the M/V GLENN W. McKINNEY. (R. Doc. 13-3, Ex. B.) However, Lewis indicated that the staircase in the M/V A.A. McKINNEY had two handrails, one on each side, while the staircase in the M/V

GLENN W. McKINNEY only had one handrail descending on the left side of the stairs.  (R. Doc. 13-3, Ex. B.)

Based on excerpts from the Inland River Record 2007, the M/V GLENN W. McKINNEY is a twin screw towboat that (1) was built in 1965 by Nashville (Bridge) Co., (2) measures 92 feet long and 30 feet wide, (3) is powered by Detroit 12V-149 diesel engines, and (4) operates at 1800 horsepower.  (R. Doc. 11-4, Ex. B.)  In comparison, the M/V A.A. McKINNEY (1) was built in 1963 by Avondale Shipyards, (2) also measures 92 feet long and 30 feet wide, (3) is powered by 16V-149 diesel engines, and (4) also operates at 1800 horsepower.  (R. Doc. 11-5, Ex. C.)

On November 2, 2007, the Plaintiff subpoenaed American Commercial Lines to produce the M/V A.A. McKINNEY for the Plaintiff's inspection.  (R. Doc. 11-3, Ex. A.)  In the subpoena, the Plaintiff also requests that American Commercial Lines produce copies of logs for the M/V A.A. McKINNEY during December 11, 2006.  (R. Doc. 11-3, Ex. A.)

The Defendants bring the subject motion contending that the Plaintiff's alleged injuries did not occur on the M/V A.A. McKINNEY, and therefore the Plaintiff's request to inspect the vessel is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  The Plaintiff counterargues that at least two individuals maintain that the spiral staircases in both vessels were the same or of a similar design.  Accordingly, the Plaintiff asserts that the layout of the M/V A.A. McKINNEY's staircase is relevant.

**II.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately

3

informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

The court has discretion to issue a protective order. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir.1995). Federal Rule of Civil Procedure ("Rule") 26(c) governs the issuance of protective orders, providing that "[u]pon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). If the motion for a protective order is denied, then the court may order that the other party or person provide or permit discovery. Fed. R. Civ. P. 26(c).

Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir.1998).

**III.     Analysis**

The Defendant contends that the Plaintiff was not injured on the M/V A.A. McKINNEY, and therefore, the interior layout of the vessel is not relevant in this action. In opposition, the Plaintiff contends that the design of the spiral staircase on the M/V A.A. McKINNEY is similar to or the same as the design of the staircase on the M/V GLENN W. McKINNEY. Therefore, the Plaintiff

maintains that he is entitled to inspect, photograph, videotape, and measure the staircase layout and dimensions on the M/V A.A. McKINNEY.

Here, although the M/V GLENN W. McKINNEY and the M/V A.A. McKINNEY possess similar characteristics, they are different ships that were built by different companies in different years.  The Nashville (Bridge) Co. built the M/V GLENN W. McKINNEY in 1965, whereas Avondale Shipyards built the M/V A.A. McKINNEY two years earlier in 1963.  Additionally, the vessels were powered by different types of diesel engines and one purportedly had one smokestack, while the other purportedly had two.  Finally and most importantly, while both vessels had a spiral wheelhouse staircase, the staircase in the M/V A.A. McKINNEY had two handrails, while the staircase in the M/V GLENN W. McKINNEY only had one handrail.  The handrails indicate that at least one staircase design feature was not the "same" or "similar" for both vessels as alleged by the Plaintiff.  These collective dissimilarities between the vessels are enough to illustrate that the layout of M/V A.A. McKINNEY is irrelevant in this matter regarding an injury occurring aboard the M/V GLENN W. McKINNEY.

Furthermore, the Defendants allegedly provided the Plaintiff with "numerous photographs of the wheelhouse and the stairway w[h]ere [sic] the claimants allegedly fell." (R. Doc. 11-2, p. 2.) These photographs provide more reliable evidence regarding the staircase on the M/V GLENN W. McKINNEY, than does evidence from the M/V A.A. McKINNEY, another ship built in a different shipyard two years before.  Ultimately, the Plaintiff was injured on the M/V GLENN W. McKINNEY, not the M/V McKINNEY.

Accordingly, in light of above evidence, the Court quashes the Plaintiff's subpoena requesting the inspection of the M/V A.A. McKINNEY.  However, the Court also notes that the

Defendants did not allege any facts indicating that they would suffer annoyance, embarrassment, oppression, or undue burden or expense by answering the Plaintiff's discovery request. Therefore, the facts do not warrant the issuance of a protective order.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' *Ex Parte* **Motion for Expedited Hearing on Motion to Quash and/or for Protective Order and Incorporated Memorandum in Support (R. Doc. 12)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendants' **Motion to Quash and/or for Protective Order (R. Doc. 11)** is **GRANTED IN PART** and **DENIED IN PART**.

The Defendants' Motion to Quash is **GRANTED**, however, their Motion for Protective Order is **DENIED**.

New Orleans, Louisiana, this 9th day of November 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

6